United States District Court
Southern District of Texas

**ENTERED**

May 30, 2024

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| SERGIO GOMEZ GUERRERO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-00997 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Petitioner Sergio Gomez Guerrero's petition for a writ of habeas corpus. Having carefully considered the petition, the answer, Guerrero's response, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that Guerrero's petition should be dismissed.

## I. Background

Guerrero is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). He challenges the loss of good time credit that he accrued while serving 36 years before being paroled that was forfeited when his parole was revoked.

On August 12, 1981, Guerrero was convicted of murder, enhanced by a prior felony conviction for aggravated assault, in the 208th District Court of Harris County, Texas. That court sentenced him to life imprisonment. While serving that sentence, Guerrero was convicted of aggravated kidnapping and aggravated assault on a correctional officer, for which he received sentences of 15 and 10 years, respectively. Guerrero does not challenge any of these convictions or sentences in this petition.

1 / 5

Guerrero was paroled on March 7, 2017 and deported to Mexico. He returned to the United States illegally and was arrested and turned over to federal immigration authorities in April 2019. Guerrero's parole was revoked on October 3, 2019 and he returned to TDCJ custody on January 13, 2021, after his release from federal custody.

On January 20, 2021 -- one week after returning to TDCJ -- Guerrero learned that he forfeited the good time credit he accrued in the 36 years he served before being paroled. Petitioner's Memorandum (Doc. # 1-1) at 2. Guerrero filed a Time Dispute Resolution form with TDCJ on February 24, 2021, and TDCJ answered on April 26, 2021. Respondent's Exhibit A at 5. Guerrero filed a state habeas application on May 26, 2022. State Habeas Clerk's Record (Doc. # 12-1) at 55. He filed this federal petition on January 5, 2023. Respondent argues that Guerrero's petition is barred by the statute of limitations.

## II.  Analysis

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner has one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002). The statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In this case, the statute of limitations began to run no later than January 20, 2021, the date on which Guerrero learned that his previously earned good time credit was forfeited, giving Guerrero until January 20, 2022 to file his federal petition absent tolling.

The statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . .." 28 U.S.C. § 2244(d)(2). Guerrero filed a Time Dispute Resolution form on February 24, 2021 and received a response on April 26, 2021, tolling the limitations period by

61 days and extending the federal statute of limitations to March 22, 2022.  Guerrero filed his state habeas application on May 26, 2022.  Because this was after the limitations period expired, there was nothing left for the state application to toll.  Guerrero filed this federal petition on January 5, 2023, nearly a year after the limitations period expired.  His petition is therefore time barred.

The AEDPA statute of limitations is not jurisdictional, and is subject to equitable tolling "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "Rare and exceptional circumstances" exist when a petitioner is actively misled by the state or prevented in some extraordinary way from asserting his rights.  "But, a garden variety claim of excusable neglect by the petitioner does not support equitable tolling." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (internal quotation marks and citation omitted).  Moreover, the Fifth Circuit has held that equitable tolling is not warranted on the basis of a petitioner's *pro se* status. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing an abuse of the writ).  Guerrero fails to show that he is entitled to equitable tolling.

## III.   Certificate of Appealability

Guerrero has not requested a certificate of appealability ("COA"), but this court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*.  The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate

court will not consider a petitioner's request for a COA until the district court has denied such a request.  *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998).  A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further."  *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  The Supreme Court has stated that

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds.  We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This Court has carefully considered the petition and concludes that jurists of reason would not find it debatable that the petition is time-barred. Therefore, Guerrero has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

**IV.**     **Order**

For the foregoing reasons, Sergio Gomez Guerrero's Petition for Writ Of Habeas Corpus

(Doc. # 1) is DENIED and is DISMISSED WITH PREJUDICE.  No Certificate of Appealability

shall issue in this case.

The Clerk shall notify all parties and provide them with a true copy of this Order.

It is so ORDERED.

SIGNED on May 30, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge